and is good against his executors, heirs and devisees, and legatees, and against all claiming his estate, or part of it, as his representatives. If the bill of sale barred Kendal West, the right to the vessel cannot revive in his executor, but if it was fraudulent, the bargainee, if he was a party to the fraud, may be responsible in his own right to creditors, but not in his representative capacity; and therefore John Morris, or his representatives, cannot be hurt by the transaction.

Petition dismissed.

### WILLIAM RINGGOLD v. SEBILIA ANN STONE and the SHERIFF OF KENT COUNTY.

Court of Chancery. New Castle. April 18, 1826.

*Ridgely's Notebook V, 40.*

### SALLY CASE and ELIZABETH CASE, an Infant, by her next friend, the said SALLY CASE, v. SAMUEL HARRINGTON, surviving Executor of Samuel Harrington, and THOMAS BARNETT and JOHN THOMAS, Sureties.

Court of Chancery. Kent. February 18, 1826.

*Ridgely's Notebook V, 48.*